UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERICK CHARLES MENDIOLA,

Plaintiff,

v.

B. BELL, et al.,

Defendants.

No. 2:24-cv-2544-EFB (PC)

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2). The court will grant his application and screen the complaint.

Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2), that plaintiff is unable to prepay fees and costs or give security therefor. Accordingly, plaintiff's motion for leave to proceed in forma pauperis is granted.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. I n other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *seeScheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff sues prison officials at Mule Creek State Prison (MCSP), who are correctional officers (Bell, Sackett, Pendleton), sergeants (Shafer, Chavez, and Gann), a lieutenant (Alardo), and licensed clinical social workers (Branman and Sandoval).

////

July 18-23, 2024 Events. Plaintiff alleges that Pendleton moved him to cell #240 on July 18, 2024. ECF No. 1 at 6. He told Pendleton he was not compatible with his new cellmate, but Pendleton offered no alternative and told plaintiff she would write a rules violation report if plaintiff refused the housing assignment. Plaintiff alleges his new cellmate (Franks) told plaintiff that Pendleton had "put a hit on [plaintiff]" and that Pendleton had bribed the cellmate with meth,[1] apparently to stab plaintiff. On July 22, 2024, the cellmate "pulled out a [] manufactured knife" on plaintiff and stated "I have to kill you tonight if you don't leave the cell now." *Id*. The complaint alleges that Pendleton plotted with inmates to attack and assault plaintiff and cause serious bodily harm, but it offers no other factual allegations regarding the alleged plot.

A non-party officer (Gaetano) put plaintiff in a different cell (#118), with a different cellmate (Lopez). *Id*. The complaint does not state when this occurred, but according to the narration it presumably happened sometime after Franks threatened plaintiff. The new cellmate allegedly started to act aggressively and tried to engage sexually with plaintiff. Plaintiff alleges plots, false accusations, and set-ups.[2] *Id*.

July 24, 2024 Events. On July 24, 2024, Bell approached plaintiff as he attempted to leave his assigned cell (#118). *Id*. at 4. Bell told plaintiff to stay in the cell. Plaintiff told Bell that he was leaving and started to get his property. Bell grabbed plaintiff's arm and slammed plaintiff to the floor with a comment that "this is for Pendleton." Bell referred to plaintiff as a "p[ie]ce of s**t" and re-injured plaintiff's shoulder which had been surgically treated on June 19, 2024. Sackett applied pressure to plaintiff's right arm and hand even though plaintiff was not resisting; plaintiff alleges this was retaliation for unspecified motives that officers (presumably including Sackett) hold against plaintiff.

/////

---

[1] This is presumably a reference to methamphetamine.

[2] To the extent these allegations might imply an Eighth Amendment claim for failure to protect, plaintiff does not allege it nor provide any more specific allegations to support such a claim. *See Ingram v. McDowell*, 2:22-cv-03787-DOC-PD, 2023 WL 9507681, at *11 (C.D. Cal. Dec. 19, 2023) ("To the extent that Plaintiff asserts that he was entrapped as part of some larger retaliatory scheme, his claim fails because entrapment is an affirmative defense to a crime and cannot form the basis of a § 1983 claim." (cleaned up and citation omitted)).

In the office after the incident, Alardo and Shafer told plaintiff he was being charged with an altercation with staff and that if plaintiff would "just take" a charge of resisting staff, they would not charge him for altercation with staff. *Id*. at 5. Later in the evening of July 24, 2024, Chavez and Gann conducted a video interview with plaintiff. They repeated that plaintiff would be charged with an altercation with staff and they allegedly threatened plaintiff with "more retaliation."

Mental Health Treatment Allegations. Plaintiff alleges these events caused him to be scared, depressed, and mentally hurt. On July 14, 2024, Sandoval offered "narcotics" to treat plaintiff's mental health, which plaintiff refused. *Id*. at 7. The record of the encounter with Sandoval that plaintiff has attached to his complaint states that Sandoval advised plaintiff on sleep hygiene and that a location change was not appropriate. *See id*. at 29 (Sandoval's report).

The complaint's allegations against Branman relate to a much earlier encounter in which plaintiff apparently was already seeking assistance to move to another prison. On February 23, 2023, Branman allegedly offered medications that plaintiff did not want, and he failed to either see and treat plaintiff or to help move plaintiff to a different institution. ECF No. 1 at 7. The record of the encounter with Branman that plaintiff has attached to his complaint states that on February 23, 2023, Branman saw plaintiff in the dayroom because plaintiff had missed an appointment. There was no officer available to escort plaintiff that afternoon, so Branman advised plaintiff they could meet the next day. *Id*. at 28 (Branman's report).

Excessive Force (Bell and Sackett)

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7, 112 S.Ct. 995.

The complaint alleges that Bell used excessive force while restraining plaintiff on July 24, 2024. The complaint also alleges that Sackett's use of force during the same event was retaliatory, and it implies without explicitly alleging that Sackett used excessive force. As to both Bell and Sackett, plaintiff has alleged in conclusory fashion that their use of force was not justified. The allegations do not provide factual details from which it may be inferred that the use of force was done maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Also, the only injury alleged in the complaint is a "re-injury" of plaintiff's shoulder, without indicating any degree of severity.[3] The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer de minimis injuries. *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988), *vacated on other grounds sub nom. Denton v. Hernandez*, 112 S. Ct. 1728 (1992). Thus, the complaint fails to state an excessive force claim against Bell or Sackett.

Retaliation (All Defendants)

To state a claim for retaliation in violation of the First Amendment, a prisoner must allege facts showing five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not allege that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69.

The complaint makes conclusory allegations that all defendants were motivated by some degree of retaliatory animus, but it fails to allege protected conduct which purportedly motivated the retaliation. The most generous reading of the complaint is that defendants took various adverse actions against plaintiff because of his requests to move him or to help him move to a

---

[3] The medical examination record that plaintiff attaches to his complaint, dated July 24, 2024, notes a post-surgery scar on plaintiff's shoulder but does not note any injury or re-injury to the shoulder. ECF No. 1 at 24-25.

different prison and/or to a different cell. Plaintiff's protestations against his housing assignments and his requests to be moved are not protected conduct. *See Love v. Hill*, 2:22-cv-1233 TLN AC P, 2022 WL 6998099, at *4 (E.D. Cal. Oct. 12, 2022) ("Refusing a housing assignment does not constitute protected speech."); *Ingram v. McDowell*, 2:22-cv-03787-DOC-PD, 2023 WL 9507681, at *11 (C.D. Cal. Dec. 19, 2023) ("a plaintiff's refusal to accept a cellmate is not itself protected conduct within the meaning of the First Amendment"). The complaint thus fails to state any retaliation claim against any of the defendants because it fails to allege protected conduct.

As for Bell's comment during the July 24, 2024 incident that "this is for Pendleton," the complaint equally fails to allege any protected conduct involving Pendleton that would support a First Amendment retaliation claim.[4] The complaint does not state a First Amendment retaliation against Bell based on the events of July 24, 2024.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If Plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). The amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the identify of defendants, nor the existence of allegations that have not been explicitly set forth in the amended complaint.

////

[4] The documents plaintiff attaches to the complaint include: (1) plaintiff's grievance complaining that Pendleton made him move into the cell with Franks in July 2024 despite plaintiff's protestations that he needed a cell to himself (ECF No. 1 at 49-50, 53-54); and (2) a narrative of interactions between plaintiff and Pendleton in March and April 2024, regarding plaintiff's cell assignments at that time (*id*. at 55-56). The latter narrative alludes to retaliation and also to a lawsuit against Warden Covello, but the court will not make any tenuous inferences of protected conduct which the complaint itself does not allege and explain.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.* The amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of services of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: September 21, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE